IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-00265-02-CR-W-HFS |
| | ) | |
| LAUREN M. SWORD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On November 29, 2022, the grand jury returned an indictment charging Defendants Timothy A. Chin and Lauren M. Sword with conspiracy to pay and receive kickbacks in violation of 18 U.S.C. § 371; and twenty-two counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Pending is Defendant Lauren M. Sword's Motion to Strike Surplusage from the Indictment filed June 14, 2023. Doc. 30. The Government did not file a response, and the time for doing so has passed. L.R. 7(c)(3).

Defendant Sword notes the indictment (Doc. 3) references "5 individuals [who] pled guilty to similar charges to those in the instant case," and are "(by implication) alleged to be coconspirators of Ms. Sword." *Id*. at 1. Defendant Sword argues "these references to guilty pleas should not be included in this indictment," and requests "they be stricken as surplusage." *Id*. According to the motion, neither Government counsel, Cindi Woolery, nor Co-Defendant Chin's counsel, Sarah Hess, have an objection to the requested relief. *Id*. at 2.

Federal Rule of Criminal Procedure 7(c)(1) states "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(d), however, authorizes the Court to "strike surplusage from the indictment" "[u]pon the defendant's motion." Fed. R. Crim. P. 7(d). "A motion to strike surplusage from an indictment is

a matter within the court's discretion." *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007). Such a motion "should be granted only where it is clear [that] the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *Id*. (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)).

Paragraph sixteen of the indictment states:

> On December 30, 2020, the United States District Court for the Eastern District of Texas accepted the guilty pleas of Matthew Harrington, Miranda Harrington, and William Rowland. These defendants pled guilty to violating 18 U.S.C. § 371 (conspiracy to pay and receive health care kickbacks). *See United States v. Matthew Harrington, et al.*, No. 4:20CR-108, Doc. # 79 & 80, United States District Court for the Eastern District of Texas.

Doc. 3 at 5 (footnote omitted). And paragraph eighteen similarly reads:

> On November 19, 2021, the United States District Court for the Northern District of Texas accepted the guilty pleas of Clifford Powell and Christian Arendt. They pled guilty to violating 18 U.S.C. § 371, that is, conspiracy to defraud the United States and pay and receive kickbacks; and 42 U.S.C. § 1320a-7b(b)(1) and (2), that is, the Federal Anti-Kickback Statute. *See United States v. Clifford H. Powell III, et al.*, No. 3:21-cr-00438-N, Doc. #32 & 34, United States District Court for the Northern District of Texas.

*Id*. References to guilty pleas by individuals not charged in the instant matter do not appear "relevant to the charge made" against Defendant Sword. *See DeRosier*, 501 F.3d at 897. Furthermore, the Government does not oppose her request to strike these paragraphs as surplusage. Doc. 30 at 2.

For these reasons, it is

ORDERED that Defendant Sword's Motion to Strike Surplusage from the Indictment (Doc. 30) is **GRANTED**. Paragraphs sixteen (16) and eighteen (18) of the indictment are hereby stricken.

**IT IS SO ORDERED.**

DATE: July 5, 2023         */s/ W. Brian Gaddy*
                            W. BRIAN GADDY
                            UNITED STATES MAGISTRATE JUDGE